# CIRCUIT COURT OF LOUDOUN COUNTY

Suzanne Wahrhaftig,
David Wahrhaftig,
and John Roy Mann

v.

Melinda Artman,
Zoning Administrator,
Keith Early,
and Cheryl Early

January 10, 2007

Case No. (Civil) 43838

BY JUDGE THOMAS D. HORNE

This case came before the Court on the motion of the plaintiffs for an emergency hearing. Plaintiffs have filed an action for mandamus and injunctive relief arising out of the issuance of zoning permits by the County of Loudoun in connection with the construction of a run-in shed, equipment shed, and hay barn by Keith and Cheryl Early on property adjacent to that which is owned by the plaintiffs. It is asserted in testimony and papers filed by the plaintiffs that the Earlys have commenced construction.

Plaintiffs note that the Zoning Administrator issued three zoning permits for the proposed construction by Mr. and Mrs. Early. The issuance of these permits has been appealed to the Loudoun County Board of Zoning Appeals. It is the contention of the plaintiffs that work cannot be undertaken on the proposed buildings until the appeal has been acted upon. They suggest that the automatic stay provisions of Va. Code Ann. §§ 15.2-2311(B) and 6-1703 require the zoning administrator to notify Mr. and Mrs. Early that they are prohibited from constructing the structures identified in the zoning permits until the appeal has been acted upon or that this Court temporarily enjoin such construction.

Pursuant to Va. Code Ann. § 15.2-2311:

> An appeal shall stay all proceedings in furtherance of the action appealed from unless the zoning administrator certifies to the board that by reason of facts stated in the certificate a stay would in his opinion cause imminent peril to life or property, in which case proceedings shall not be stayed otherwise than by a restraining order granted by the board or by a court of record, on application and on notice to the zoning administrator and for good cause shown.

The provisions of the County ordinance mirror those provided by state law.

In the instant case, the zoning administrator has not certified a situation of imminent peril. Defendants assert that the action complained of on appeal is not a "proceeding." This Court reads the relevant Code section more expansively than do the defendants. While the word "proceeding" may refer to litigation, it may also be used to define a course of action. *Webster's II New College Dictionary* 881 (1995). In the instant case, the General Assembly has stated that "all proceedings in furtherance of the action appealed from" are stayed. Given the remedial nature of the statute, a liberal construction is warranted consistent with the plain words used. Thus any action that proceeds from the issuance of the zoning permit appealed from would be stayed. This would include the construction work complained of.

In granting temporary injunctive relief, the Court is mindful of its responsibility to only do so upon a finding of the plaintiff's equity. Va. Code Ann. § 8.01-628. A detailed analysis of the various factors generally considered in granting or denying temporary injunctive relief is not necessary in this case. *Blackwelder Furniture Co. v. Seilig Mfg. Co.*, 550 F.2d 189 (4th Cir. 1977). The command of the legislature is clear. Pending a resolution of the appeal of the action of the zoning administrator, no action can be taken that proceeds from the issuance of such permits. This would include work commenced.

Accordingly, any work in furtherance of the zoning permits issued is, by statute, to be stayed pending the appeal to the Board of Zoning Appeals. The temporary injunction will become effective upon the posting of a bond, with surety acceptable to the clerk, in the amount of $1,000.00. The injunction shall be dissolved upon a resolution of the appeal of the issuance of the permits unless otherwise extended after a further hearing. Any temporary relief sought by way of mandamus is denied.